UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

JUDITH CARLOZZI,

                          Plaintiff,

            -against-

TARGET CORPORATION,

                          Defendant.

----------------------------------------x

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

DOCKET NO. JAN 20 2015   ★

LONG ISLAND OFFICE

**NOTICE OF REMOVAL**

CV-15 0296

WEXLER, J

LINDSAY, M

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendant, TARGET CORPORATION, ("Target"), by its attorneys, SIMMONS JANNACE DELUCA, LLP, Daniel R. Strecker, of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.  On August 6, 2014, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Suffolk. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Target has served an answer to plaintiff's Complaint. A copy of the Answer is annexed as **Exhibit "B"**.

2.  The action, which sounds in negligence, seeks monetary damages for injuries allegedly suffered by plaintiff, Judith Carlozzi, allegedly caused by Target.

3.    The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; and (b) defendant is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Minnesota with its principal place of business in Minnesota.

4.    This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between defendant and plaintiff.

5.    Upon information and belief, the amount in controversy exceeds $75,000.    This Notice of Removal is being filed due to plaintiff's refusal to stipulate to cap damages at $75,000 on January 15, 2015.

6.    Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

7.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Suffolk, promptly after the filing of this Notice.

8.    Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------x     *Index No.* 15466/2014

JUDITH CARLOZZI,

                                        Plaintiff(s),          **SUMMONS**

        -against –                                          This basis of venue designed
                                                            is:
TARGET CORPORATION,
                                                            Plaintiff Resides in:
                                        Defendant(s).        Islip Terrace, New York
------------------------------------------------------x     County of Suffolk

To the above named defendant(s):

        YOU ARE HEREBY SUMMONED to Answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorney(s) within 20 days after the service
of this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the complaint.

Dated:  August 4, 2014
        Islip Terrace, New York

                                        Yours etc.,


                                        Christopher G. Zachry, Esq.
                                        Law Office of Christopher G. Zachry, PC
                                        Attorney(s) for Plaintiff(s)
                                        71 Washington Avenue
                                        Islip Terrace, NY 11752
                                        (516) 848-0098

Defendant's Address:
        838 Sunrise Highway
        Bay Shore, NY 11706

Note: The law provides that:
        (A)   If this summons is served by its delivery to you personally within the State of New York, you
              must appear and answer within TWENTY (20) days after such service; or
        (B)   If this summons is served by delivery to any person other than you personally, or is served
              outside the State of New York, or by publication, or by means other than personal delivery to
              you within the State of New York, you are allowed THIRTY (30) days after the proof of
              service thereof is filed with the Clerk of this Court within which to appear and answer.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------x   Index No. 15466/2014
JUDITH CARLOZZI,
Plaintiff,

VERIFIED COMPLAINT

- against—

TARGET CORPORATION,
Defendant.
------------------------------------------------------------x

PLAINTIFF, complaining of the DEFENDANT, by her attorney(s) LAW
OFFICE OF CHRISTOPHER G. ZACHRY, PC, shows to the Court and allege:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times as stated herein, Plaintiff, JUDITH CARLOZZI, was and
still is a resident of the County of Suffolk, State of New York.

2. That at all times stated herein, Defendant, TARGET CORPORATION, is a
domestic corporation duly organized and doing business pursuant to the laws of the State
of New York with a principal place of business designated in Suffolk County.

3. Defendant, TARGET CORPORATION, is a foreign business
corporation doing business in and pursuant to the laws of the State of New York.

4. Defendant, TARGET COPORATION, is a domestic limited liability
company duly organized and doing business in the State of New York with it's principal
place of business designated in Suffolk County.

5. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, was
the owner of premises located at 838 Sunrise Highway, Bay Shore, New York 11706,
herein referred to as "PREMISES".

6. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, was

the leasee of the PREMISES.

7. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, operated a business on the PREMISES.

8. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, maintained the PREMISES.

9. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, managed the PREMISES.

10. On and prior to August 9, 2011, Defendant, TARGET CORPORATION, controlled the PREMISES.

11. On and prior to August 9, 2011, Plaintiff, JUDITH CARLOZZI, was lawfully on the PREMISES.

12. On and prior to August 9, 2011, Plaintiff, JUDITH CARLOZZI, was caused to fall on said PREMISES.

13. On and prior to August 9, 2011, Plaintiff, JUDITH CARLOZZI, was violently precipitated to the ground of said PREMISES as a result of a defective, unsafe, hazardous and/or dangerous condition on the PREMISES.

14. As a result of the foregoing, Plaintiff, JUDITH CARLOZZI, was injured.

15. As a result of the foregoing, Plaintiff, JUDITH CARLOZZI, was seriously injured.

16. The aforementioned occurred as a result of the negligence, carelessness, and recklessness of the Defendant(s), their agents, servants, and or employees with regard to its ownership, operation, maintenance, management, control and repair of said PREMISES.

17. The limitations on liability set forth in CPLR Section 1601 do not apply.

18. The limitations on liability set forth in CPLR Section 1601 do not apply by reason of one or more of the exemptions set forth in CPLR Section 1602.

19. Pursuant to CPLR Section 1602(2)(iv) Defendant is liable for all of Plaintiff, **JUDITH CARLOZZI's**, damages, including but not limited to her non-economic loss irrespective of CPLR 1601 by reason of the fact that defendant owed plaintiff, **JUDITH CARLOZZI**, a non-delegable duty of care.

20. Pursuant to CPLR Section 1602(2)(iv) Defendant is liable for all of Plaintiff, **JUDITH CARLOZZI's**, damages, including but not limited to her non-economic loss, irrespective of CPLR Section 1601 by reason of the fact that Defendant is vicariously liable for the negligent acts and omissions of its agents and employees.

21. By reason of the foregoing, Defendants are liable for damages to plaintiff, **JUDITH CARLOZZI**, in a sum of money exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

WHEREFORE, Plaintiff demands judgment against the Defendant as stated herein, in such amount as exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, or such amount as may be determined by a Court and/or jury, together with the costs and disbursements of this action.

Dated:   August 4, 2014
        Islip Terrace, New York

                                  Christopher G. Zachry, Esq.
                                  Law Office of Christopher G. Zachry, PC
                                  Attorney(s) for Plaintiff(s)
                                  71 Washington Avenue
                                  Islip Terrace, NY 11752

STATE OF NEW YORK )
                  SS )
COUNTY OF SUFFOLK )

### INDIVIDUAL VERIFICATION

The undersigned, being duly sworn, deposes and says that the deponent is the Plaintiff in the within action; that deponent has read the foregoing and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

DATED:       August 4, 2014
             Islip Terrace, New York

                                          JUDITH CARLOZZI

Sworn to before me this
_____ day of August, 2014

NOTARY PUBLIC

MARCH
14
2015
NOTARY PUBLIC

**Exhibit B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------X

JUDITH CARLOZZI,

INDEX NO.: 15466/2014

**VERIFIED ANSWER**

                    Plaintiffs,

       -against-

TARGET CORPORATION,

                   Defendant.

----------------------------------------X

Defendant, TARGET CORPORATION ("Target"), by its attorneys, SIMMONS JANNACE DELUCA, LLP, as and for its Verified Answer to the Verified Complaint of plaintiff, responds as follows:

### RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the Verified Complaint.

2.    Denies the allegations contained in numbered paragraph "2" of the Verified Complaint.

3.    Denies in the form alleged the allegations contained in numbered paragraph "3" of the Verified Complaint and leaves all questions of law to the Court.

4.    Denies the allegations contained in numbered paragraph "4" of the Verified Complaint.

5.    Denies the allegations contained in numbered paragraph "5" of the Verified Complaint.

1

6. Denies the allegations contained in numbered paragraph "6" of the Verified Complaint except admits that Target leased a portion of the premises located at 838 Sunrise Highway, Bay Shore, New York 11706.

7. Denies the allegations contained in numbered paragraph "7" of the Verified Complaint except admits that Target operated a retail store on a portion of the premises located at 838 Sunrise Highway, Bay Shore, New York 11706.

8. Denies in the form alleged the allegations contained in numbered paragraph "8" of the Verified Complaint and leaves all questions of law to the Court.

9. Denies in the form alleged the allegations contained in numbered paragraph "9" of the Verified Complaint and leaves all questions of law to the Court.

10. Denies in the form alleged the allegations contained in numbered paragraph "10" of the Verified Complaint and leaves all questions of law to the Court.

11. Denies the allegations contained in numbered paragraph "11" of the Verified Complaint.

12. Denies the allegations contained in numbered paragraph "12" of the Verified Complaint.

13. Denies the allegations contained in numbered paragraph "13" of the Verified Complaint.

14.   Denies the allegations contained in numbered paragraph "14" of the Verified Complaint.

15.   Denies the allegations contained in numbered paragraph "15" of the Verified Complaint.

16.   Denies the allegations contained in numbered paragraph "16" of the Verified Complaint.

17.   Denies the allegations contained in numbered paragraph "17" of the Verified Complaint.

18.   Denies the allegations contained in numbered paragraph "18" of the Verified Complaint.

19.   Denies the allegations contained in numbered paragraph "19" of the Verified Complaint.

20.   Denies the allegations contained in numbered paragraph "20" of the Verified Complaint.

21.   Denies the allegations contained in numbered paragraph "21" of the Verified Complaint.

22.   Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

23.   Defendant demands that liability, if any, be apportioned.

## AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

2.    Upon  information  and  belief,  the  injuries  allegedly
sustained  by  plaintiff  were  not  as  a  result  of  any  culpable
conduct  by  the  defendant  herein,  or  in  the  alternative,  the
amount  of  damages  otherwise  recoverable  shall  be  diminished  in
the  percentage  proportion  of  the  culpable  conduct  of  plaintiff,
which contributed to or caused plaintiff's alleged injuries.

### AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

3.    Upon  information  and  belief,  any  damages  sustained  by
plaintiff  was/were  caused,  in  whole  or  in  part,  by  the  culpable
conduct  of  plaintiff  and/or  were  aggravated  by  the  culpable
conduct of plaintiff.

### AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

4.    If  plaintiff  proves  at  trial  the  existence  of  a
dangerous  condition,  all  of  which  is  denied,  upon  information
and  belief,  any  damages  sustained  by  plaintiff  were  caused  by
plaintiff  having  voluntarily  and  unreasonably  assumed  a  known
and  dangerous  risk,  and/or  the  damages  were  caused  by  or
aggravated by such conduct.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

5.    Answering  defendant  will  rely  upon  the  provisions  of
Article  16  of  the  CPLR  with  regard  to  the  limitation  of  joint
and several liability.

## AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

6.     Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition, and therefore, it cannot be liable for any alleged injuries suffered by plaintiff.

## AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

7.     Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

## AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

8.     If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

## AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

9.     The alleged cause of action in negligence asserted by the plaintiff in the Complaint is barred in that the plaintiff failed to bring this action within three (3) years, as set forth in § 214 of the CPLR.

## AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

10.   If plaintiff herein has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, defendant is entitled

to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

## AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

11. Upon information and belief, plaintiff has not effectuated valid service, pursuant to CPLR § 306-b, and therefore, this Court lacks jurisdiction over the person of the defendant.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's Verified Complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated:   Hauppauge, New York
         December 31, 2014

                              Simmons Jannace DeLuca, LLP
                              Attorneys for Defendant


                         BY: _____
                              Daniel R. Strecker

                              **Office & P.O. Address:**
                              43 Corporate Drive
                              Hauppauge, NY  11788-2048
                              (631) 873-4888

6

TO: Christopher G. Zachry, Esq.
Law Office of
Christopher G. Zachry, PC
**Office & P.O. Address:**
71 Washington Avenue
Islip Terrace, New York 11752
(516) 848-0098

## VERIFICATION

RE:   Judith Carlozzi v. Target Corporation
      Index No.: 15466/14

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state that I am the attorney of record for TARGET CORPORATION ("Target") in the within action. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by Target is because Target has its principal place of business in another county.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: documents in my file and/or conversations with Target's representatives.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:   Hauppauge, New York
         December 31, 2014

                                    DANIEL R. STRECKER

## AFFIDAVIT OF SERVICE
### U.S. MAIL

RE:   **Judith Carlozzi v. Target Corporation**
      **Index No.: 15466/2014**


STATE OF NEW YORK    )
                     : ss.:
COUNTY OF SUFFOLK    )

M. ALICE REBIMBAS, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at East Meadow, New York.

On December 31, 2014, I served the within **VERIFIED ANSWER**, by depositing true copies thereof, enclosed in post-paid wrappers, into the exclusive care and custody of the U.S. Postal Service within New York State, addressed as shown below:

TO:

Christopher G. Zachry, Esq.
Law Office of
Christopher G. Zachry, PC
**Office & P.O. Address:**
71 Washington Avenue
Islip Terrace, New York 11752
(516) 848-0098


_____
M. ALICE REBIMBAS

Sworn to before me this
31st day of December, 2014

_____
NOTARY PUBLIC

ANALMA ALLEYNE
Notary Public, State of New York
No. 01AL6182441
Qualified in Suffolk County
My Commission Expires February 25, 20 16