UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUDITH CARLOZZI,

                          Plaintiff,                      **MEMORANDUM AND ORDER**

       -against-                                  CV 15-296 (AYS)

TARGET CORPORATION,

                          Defendant.
-------------------------------------------------------------------X
APPEARANCES:

LAW OFFICES OF CHRISTOPHER G. ZACHARY
BY: CHRISTOPHER G. ZACHARY, ESQ.
Attorneys for Plaintiff
71 Washington Avenue
Islip Terrace, New York 11752

SIMMONS JANNACE DeLUCA, LLP
BY: DANIEL ROBERT SRECKER. ESQ.
Attorneys for Defendants
43 Corporate Drive
Hauppauge, New York 11788


**SHIELDS, Magistrate Judge:**

      This is a negligence lawsuit that was commenced in New York State Court, and

thereafter removed to this forum on the ground of the parties' diversity of citizenship. See

Docket Entry herein ("DE") 1.  Plaintiff Judith Carlozzi ("Carlozzi" or "Plaintiff") seeks

recovery against Defendant Target Corporation for injuries allegedly sustained when she slipped

and fell in a Target store.  Counsel have consented to the jurisdiction of this Court for all

purposes. Presently before the Court is Defendant's motion for summary judgment.  For the

reasons set forth below, the motion is granted.

BACKGROUND

I.      Prior Proceedings

This case was removed in January of 2015, and fact discovery was scheduled to be

complete by November 24, 2015. See DE 9. After the parties' consented to the jurisdiction of

this Court for all purposes, and in light of ongoing disputes as to the production and relevance of

certain medical records, this Court stayed all damages discovery pending the outcome of a trial

as to liability only. See Minute Order at DE 18. All liability depositions were ordered to be

concluded by December 31, 2015, and a trial was set for June 6, 2015.  Defendants were granted

leave to move for summary judgment, without the need for a pre-motion conference, prior to the

trial date. Id.

Plaintiff was deposed on December 8, 2015. Defendant thereafter produced for

deposition Karen Rajczewski ("Rajczewski"), the employee who was on duty as a "department

manager" on the date of the incident, as its witness pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure. Rajczewski, who Plaintiff chose to depose for a total of twenty-four

minutes, testified as to safety procedures and the filing of accident reports. After the Rajczewski

deposition Target proposed a schedule for the briefing of its summary judgment motion.  DE 20.

That schedule was unopposed, and "so ordered" by this Court on January 5, 2016. See Electronic

Order dated January 5, 2016.

One month after the Rajczewski deposition, Plaintiff's counsel initiated a telephone

discovery conference, seeking an additional Rule 30(b)(6) witness deposition. After that

telephone discovery conference, this Court entered an order denying the request for an additional

deposition, at that time, but permitted counsel to serve a discovery demand for documents

identified at the Rajczewski deposition. See Order dated January 12, 2016.  The Court stated that

if any additional document production required additional time in which to move for summary judgment, Defendant could seek leave to amend the briefing schedule. Id. Neither side thereafter requested any amendment to the summary judgment briefing schedule, but the parties continued to engage in discovery, as discussed below, with respect to the production of Target's safety procedures as set forth in its employee handbook (the "Handbook").

Specifically, in what is described as an effort to obtain information regarding Target's safety procedures, Plaintiff demanded production of the Handbook. Reacting to what it considered to be an overly broad demand (which, inter alia, sought documents without time or subject matter limitation), Target produced what it deemed to be relevant portions of the Handbook. Thus, Target produced the Handbook, but redacted what it characterized as irrelevant portions of that document, including those chapters referring to unrelated subjects such as ladder use, strains and sprains from lifting objects, and lost child incidents. See Reply Affidavit of Daniel R. Strecker, Esq, DE 35 ("Reply Aff.") at ¶ 14. In response, Plaintiff's counsel initiated a second discovery telephone call. It was suggested that Target produce a copy of relevant sections from the Handbook table of contents for counsel to review. While Defendant thereafter produced the table of contents, Plaintiff did not identify any sections of the Handbook alleged to be relevant to this matter, and no formal motion practice was initiated. Defense counsel thereafter declined Plaintiff's request to participate in a third conference call with the court as to the production of additional material.

In view of the fact that the summary judgment briefing schedule was ordered and unchanged, Target proceeded to brief and timely serve its motion for summary judgment. Two weeks after Target filed the motion as unopposed, this Court, noting Plaintiff's failure to respond, granted the motion as unopposed. See Order dated March 4, 2016. After the motion

was granted, Plaintiff's counsel filed neither a response to the motion nor a request for an extension of time in which to do so, but a letter seeking discovery. Again, Plaintiff raised the issue of continuing discovery as to the Handbook. DE 29. This Court declined to extend discovery, but granted Plaintiff the opportunity to respond to the motion. Plaintiff was directed to properly respond to Defendant's summary judgment motion and to state, in particular, how any redacted safety section of the Handbook was necessary for her opposition to the motion. That order also granted Defendant the opportunity to reply to Plaintiff's response. See Notice of Briefing Schedule date March 9, 2016. The parties thereafter complied with the briefing schedule. The Court turns to consider the motion.

II.    Facts

    A.    The Basis of Facts Recited Herein

The facts set forth below are drawn from the parties' submissions that are properly before the Court in the context of this motion. Those submissions include Defendant's Statement of Material Facts Not in Dispute, submitted pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Def. Rule 56.1") documents annexed thereto, and Plaintiff's response as set forth below. In addition to the pleadings herein, Defendant annexes to its Rule 56.1 Statement: (1) Plaintiff's responses to interrogatories; (2) images captured from video surveillance, (3) transcripts of the parties' depositions and (4) the affidavits of two Target employees.

In response to the briefing schedule set after the motion was granted as unopposed, Plaintiff filed her "Counter Rule 56.1 Statement" ("Pl. Rule 56.1"), an affidavit of counsel, and the actual video surveillance footage showing Plaintiff's fall. While Plaintiff's submission agrees with many of the facts set forth in Defendant's Rule 56.1 Statement, the affidavit of counsel

complains, as did Plaintiff's earlier letter, that Plaintiff is unable to respond to information

regarding Target's procedures because she was not given access to certain sections of the

Handbook. In reply to Plaintiff's response to the motion for summary judgment, Defendant

submits, as noted, an affidavit of counsel as well as a reply memorandum of law.  In its reply

papers, Target argues that Plaintiff's lateness in responding to the motion should not be excused

and, even if the late response is considered, the motion should nonetheless be granted. DE 36.

The Court will exercise its discretion to allow for Plaintiff's late filing, and will consider

Plaintiff's opposition to the motion, as well as Defendant's reply thereto. With those documents

and arguments in mind, the Court turns to summarize the facts forming the basis for its decision.

B.    The Incident

There is no dispute that on August 9, 2011 Plaintiff, along with her two minor

grandchildren, entered the Target store in Bay Shore, New York (the "Store"). Plaintiff entered

the Store's main aisle, which runs around the perimeter.  When she was approximately half way

down the aisle, Plaintiff fell.  Def. Rule 56.1 at ¶¶ 1-4.[1]  Plaintiff testified that prior to her fall she

saw nothing on the floor. When she fell, she realized that she had slipped on clear liquid.

Plaintiff testified that she did not see the liquid on the floor prior to her fall. She has no

information as to how the liquid came to be there, or how long it was there prior to her fall. She

observed neither footprints nor cart marks in the liquid. Def. 56.1 ¶¶ 16-23.

Video surveillance of the incident has been preserved and produced. The video was

submitted by Plaintiff as part of her response to this motion. There is no question as to the

authentication of the video and it is properly considered by the Court in the context of this

---

[1]    Where there is agreement of facts the Court, for convenience, refers only to the
Defendant's Rule 56.1 Statement.

motion. That surveillance shows the date and precise time of the video, and depicts the aisle where Plaintiff fell. The video reveals, and the parties agree, that Plaintiff fell at 1:20:49. The video also shows (and, again, the parties agree) that Plaintiff fell approximately twelve minutes after Travis Pirkl ("Pirkl"), a Store employee, passed the site of her fall at 1:09:25. While Defendant refers to Pirkl's passing of the fall area as an "inspection" of the area, Plaintiff takes issue with that description, agreeing only that Pirkl passed the area briskly. See Pl. 56.1 at ¶ 15 (stating that Pirkl was walking too briskly to "inspect" the area). While the parties do not agree as to the characterization of Pirkl's pass by the area of the fall, they agree that several customers passed by or near the area of Plaintiff's fall, without incident, in the minute before Plaintiff's fall. Def. 56.1 at ¶ 16.

The Court has reviewed the video, and certain events are clear. First, as noted above, Pirkl passed through the aisle where Plaintiff fell. At approximately 1:09:25, the video shows Pirkl entering each aisle, one by one. He then proceeds to pass certain aisles as he moves toward the front of the Store. Prikl does not bend or reach or touch any objects as he proceeds down the aisle. He appears to be looking from side to side, not down. Pirkl does not appear to be rushing down the aisle. In fact, the timer reveals that it took Pirkl approximately fifteen seconds to proceed only a few feet. At some point in the video, Pirkl began to walk at a brisker pace, but only after he had already passed the area where Plaintiff fell. Indeed, the area of Plaintiff's fall appears to be the same place where Pirkl was walking up and down aisles at a slower pace.

In addition to the video, Defendant submits Pirkl's affidavit which states that he was on duty at the Store on the day of Plaintiff's fall. See Affidavit of Travis Pirkl, annexed as Exhibit I to Defendant's Motion for Summary Judgment (hereinafter "Pirkl Aff.") at ¶ 2, DE 26-10. Pirkl states that he conducted an "inspection" of the area of the fall, and that he "observed the area for

any hazards, including spills on the floor." Pirkl. Aff. at ¶ 4.  Had he observed a spill, Pirkl states that, pursuant to his training, he would have "stopped and blocked off the area until it was cleaned." Prikl. Aff. at ¶ 5. In addition to passing the area prior to Plaintiff's fall, Pirkl was the employee called back to that area to respond to the incident. Upon his return he noticed, consistent with Plaintiff's description, a small amount of a clear liquid on the floor. Pirkl states that the liquid appeared fresh, with no discoloration, "footprints, tracks or other marks or signs of age." Pirkl Aff. ¶ 7.  Finally, Pirkl states that his review of the video surveillance footage refreshed his recollection of having "walked by the accident location" within twelve minutes of Plaintiff's fall. Finally he states that he did not spill any liquid on the floor, does not know how long the liquid was on the floor prior to the fall, and that Target received no complaints of a spill in the area prior to the fall. Pirkl Aff. at ¶¶ 6-12. Plaintiff did not depose Pirkl.  Instead, as discussed above, a Rule 30(b)(6) deposition was taken during which Plaintiff discussed general Store procedures and responsibilities with respect to spills and responses thereto.

II.     The Motion for Summary Judgment

Defendant seeks summary judgment as to Plaintiff's claims. Specifically, Defendant argues that, even assuming the veracity of Plaintiff's account of the accident, i.e., that she slipped on a clear liquid on the Store's floor, Target cannot be liable in negligence to Plaintiff. Specifically, Target argues that Plaintiff creates no issue of fact as to Defendant's creation or knowledge of the dangerous condition that led to Plaintiff's fall. As to the issue of knowledge, the parties agree that there is no evidence of actual knowledge of the condition. Target's motion rests on the argument that Plaintiff creates no issue of fact as to constructive knowledge of the condition. Plaintiff opposes the motion on the ground that denial of production of the entire Handbook has deprived her of opportunity to properly oppose summary judgment. With the

parties' arguments in mind, the Court turns to outline the relevant legal principles and to disposition of the motion.

DISCUSSION

I.      Legal Principles: Standards on Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005) (citation omitted). Indeed,

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (quoting Weyant v. Okst, 101 F.3d 845, 854 (2d Cir.1996)); see Angulo v. Nassau Cty., 89 F. Supp. 3d 541, 548 (E.D.N.Y. 2015).

"An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. A fact is material if it might affect the outcome of the litigation under the relevant law. " SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir.

8

2009) (citations and internal quotations omitted). The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002) (quoting Celotex, 477 U.S. at 322).

In deciding a motion for summary judgment, the Court must "resolve all ambiguities and draw all reasonable inferences against the moving party." Tolbert v. Smith, 790 F.3d 427, 434 (2d Cir. 2015); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise, Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995), and must do more than show that there is "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Instead, the non-moving party must offer significant, probative evidence that would allow a reasonable fact-finder to decide in her favor. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256–57 (1986).

II.     Negligence under New York Law

New York state law of negligence applies in this diversity action. See Painchault v. Target Corp., 2011 WL 4344150, at *2 (E.D.N.Y. 2011). Under that law, a prima facie case of negligence requires plaintiff to show that: (1) defendant owed plaintiff a cognizable duty of care; (2) breach of that duty; and (3) damage to plaintiff as a proximate result of the breach. Castellanos v. Target Dep't. Stores, Inc., 2013 WL 4017166, at *3 (S.D.N.Y. 2013) (citations omitted); Cooper v. Pathmark Stores, 998 F. Supp. 218, 219 (E.D.N.Y. 1998). As to the first element, there is no question that store owners owe a duty to its customers to maintain a

reasonably safe environment, in view of all of circumstances, including "likelihood of injury to third parties, the potential seriousness of the injury and the burden of avoiding the risk." Castellanos, 2013 WL 4017166, at \*3 (citing Basso v. Miller, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 568 (1976)); see also Cooper, 998 F. Supp. at 219.

The presence of a hazardous condition, standing alone, does not establish a breach of duty to support a claim of negligence. Instead, duty is breached only if the store owner either created the hazardous condition, or failed to correct it after receiving actual or constructive notice thereof. Castellanos, 2013 WL 4017166, at \*4. Constructive notice of a hazard exists when the condition is "visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected." Knack v. Red Lobster, 98 A.D.3d 473, 473, 949 N.Y.S.2d 205, 206 (2d Dep't. 2012). A "general awareness" that a dangerous condition may be present is insufficient to establish constructive notice of a condition that was "visible and apparent for a sufficient length of time to be discovered and remedied." Painchault, 2011 WL 4344150, at \*4 (citations omitted); see also Molina v. United States, 2015 WL 4394045, at \*6 (E.D.N.Y. 2015). Instead, to establish constructive notice it must be shown that defendant had notice of the "particular condition" at issue, and should have known of the condition as a result of its "'manifest nature and the length of time [the condition] was in existence prior to the accident.'" Castellanos, 2013 WL 4017166, at \*5 (citations omitted).

III.     The Motion for Summary Judgment is Granted

Applying the principles of Rule 56 as stated above Target is entitled to entry of summary judgment if, after consideration of all documents properly before the court, the evidence fails to

create an issue of facts as to the elements of a <u>prima</u> <u>facie</u> case of negligence.[2]  Applying New York law as outlined above, Plaintiff must therefore demonstrate a genuine issue of material fact that Defendant either created the dangerous condition, or had actual or constructive notice thereof.  <u>Molina</u>, 2015 WL 4394045, at *6; <u>Lionel v. Target Corp.</u>, 44 F. Supp. 3d 315, 318-19 (E.D.N.Y. 2014); <u>Cooper</u>, 998 F. Supp. at 219. Here, there is no question as to Target's creation, or actual notice of the clear liquid on which Plaintiff alleges to have slipped. Neither scenario is alleged or supported by the evidence. The only question is therefore whether Plaintiff creates a question of fact as to whether Target had constructive notice of the allegedly hazardous condition.  No such issue is created.

The issue of constructive notice is amenable to summary judgment, and can be proven through introduction of circumstantial evidence surrounding the incident. <u>Castellanos</u>, 2013 WL 4017166, at *5.  Such evidence is considered to determine whether the condition causing the fall was visible and apparent for enough time to be reasonably addressed prior to the fall. <u>See, e.g.</u>, <u>Painchault</u>, 2011 WL 4344150, at *4. Plaintiff must do more than offer a plausible theory, she must "present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition." <u>Lionel</u>, 44 F. Supp. 3d at 319.  Evidence of constructive notice properly considered by courts deciding summary judgment motions includes witness statements describing the condition, and video surveillance of the scene. <u>See, e.g.</u>, <u>Castellanos</u>, 2013 WL

---

[2]     The Federal Rule 56 standard differs slightly from the procedural standard under New York law which requires that a defendant show, in the first instance, that it "neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it."  <u>Warren v. Walmart Stores, Inc.</u>, 105 A.D.3d 732, 733, 963 N.Y.S.2d 150, 151 (2d Dep't. 2013); <u>Castellanos</u>, 2013 WL 4017166, at *7 ("New York's burden-shifting standard requiring defendant to provide proof of absence of notice does not apply in a federal diversity case"). In either case, there is no question that the plaintiff must create an issue of fact as to the elements of its <u>prima</u> <u>facie</u> case to defeat summary judgment. <u>See</u> <u>Warren</u>, 105 A.D.3d at 733, 962 N.Y.S.2d at 151.

4017166, at *4 (relying, inter alia, on video surveillance to show lack of notice in support of motion for summary judgment); Warren, 105 A.D.3d at 733, 963 N.Y.S.2d at 150 (same). Here, such evidence includes Plaintiff's deposition testimony, the Pirkl Affidavit and video surveillance.

Importantly, the parties here agree that the liquid that Plaintiff alleged to have slipped on was clear, clean and unmarked. This evidence supports the conclusion that any liquid was not visible for an appreciable period of time prior to Plaintiff's fall. Also supporting this finding is the video surveillance footage, which, while not crystal clear, shows that Pirkl passed the spot where Plaintiff fell within twelve minutes of the fall and noticed nothing. While Plaintiff complains that Pirkl was not "inspecting" area while he passed by, the video shows that when Pirkl passed the area of the fall he was progressing slowly down the aisle, looking side to side. A visible spill that required remediation would certainly have been noticed by a slow moving employee. Further supporting a lack of visibility is the fact that many patrons safely passed directly over the area of the fall within minutes of Plaintiff's fall. Indeed, one of those patrons passed a Target employee just after passing the area. It is certainly reasonable to believe that, had she noticed a dangerous condition, she would have informed that employee. She did not. In view of the evidence described above, the Court holds that Plaintiff creates no issue of fact as to constructive notice of the condition that she states caused her to fall. Under such circumstance summary judgment is appropriately granted to the defendant.

The Court's conclusion is unchanged by Plaintiff's argument regarding production of the Handbook. Nothing that might be contained therein can change the actual facts of this case as demonstrated by the evidence above. Thus, even if Plaintiff could point to some general procedure to support her claim of constructive notice, the existence of such a procedure does

nothing to show constructive notice of the particular condition that forms the basis of Plaintiff's complaint. The evidence as to the lack of constructive notice of that condition is, as discussed above, clear. It points to and support the single conclusion that Plaintiff fails to create the requisite issue of fact to defeat the motion for summary judgment. Accordingly, any argument that further discovery of the Handbook is necessary to properly oppose Defendant's motion is rejected.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment. The Clerk of the Court is directed to close the file in this matter.


Dated: Central Islip, New York
       April 29, 2016

                                        /s/ Anne Y. Shields
                                        Anne Y. Shields
                                        United States Magistrate Judge